69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Morley D. ELTON Appellant.
UNITED STATES of America, Appellee,
v.
David D. DABBS, Appellant.
 Nos. 95-2414, 95-2415.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Nov. 6, 1995.
Nov. 7, 1995.
 
 Before BOWMAN, BEAM and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Morley D. Elton and David D. Dabbs appeal the 10-month sentences imposed by the District Court[1] following their guilty pleas to tax evasion, in violation of 26 U.S.C. Sec. 7201 (1988). For reversal, defendants argue that the District Court erred in assessing a two-level enhancement for using a sophisticated means to impede discovery of the nature or extent of the tax evasion. We affirm.
 
 
 2
 The Guidelines mandate a two-level increase in a defendant's base offense level when the defendant uses sophisticated means to impede discovery of the nature or extent of the defendant's tax evasion. U.S.S.G. Sec. 2T1.1(b)(2) (1989). "Sophisticated means," as used in this section,
 
 
 3
 includes conduct that is more complex or demonstrates greater intricacy or planning than a routine tax-evasion case. An enhancement would be applied for example, where the defendant used offshore bank accounts, or transactions through corporate shells.
 
 
 4
 Section 2T1.1, comment. (n.6) (1989). We "review the district court's findings of facts for clear error and its application of the guidelines to the facts de novo, giving due deference to the district court's application of the guidelines." United States v. Saknikent, 30 F.3d 1012, 1013 (8th Cir.1994).
 
 
 5
 The record here shows that defendants' tax-evasion scheme involved the use of a non-interest-bearing checking account, which at times had an average balance exceeding $200,000. Although the account was set up under the name of defendants' company, the account was not listed on the company's general ledger and defendants made withdrawals by drafting checks to themselves, which they then cashed. Because the account was non-interest bearing, no 1099 interest-reporting form was generated for filing with the Internal Revenue Service. Given these and other facts in the record, we conclude the District Court did not err in assessing the challenged sophisticated-means enhancement. See United States v. Pierce, 17 F.3d 146, 151 (6th Cir.1994) (affirming Sec. 2T1.1(b)(2) enhancement where defendant's conduct went beyond "simply l[ying] on a 1040 form"); United States v. Jagim, 978 F.2d 1032, 1042 (8th Cir.1992) (noting before Sec. 2T.1(b)(2) enhancement is appropriate scheme must be shown to be more than "routine tax-evasion case" where individual has falsified 1040 form in order to avoid paying federal taxes), cert. denied, 113 S.Ct. 2447 (1993).
 
 
 6
 Finally, we reject defendants' argument that the District Court used the wrong legal standard in determining whether the enhancement should be applied.
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri